IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR 2 3 2007
J T NOBLIN, CLERK
BY_____ DEPUTY

| | |
|---|---|
| LUCI M. RICHARDS AND CHRISTIE HOOD | PLAINTIFFS |
| VS.     CIVIL ACTION NO. 3:07cv218 WHB-LRA | |
| THE GOODYEAR TIRE AND RUBBER COMPANY | DEFENDANT |

## COMPLAINT

## JURY TRIAL DEMANDED

COMES NOW Plaintiffs, Luci M. Richards and Christie Hood, and bring this action against Defendant, The Goodyear Tire and Rubber Company. Plaintiffs are seeking compensatory damages, punitive damages, reinstatement and/or front pay in lieu of reinstatement, costs and attorney fees. As more specifically set forth below, Plaintiffs have been subjected to intentional discrimination in the terms and conditions of their employment with Defendant on the basis of sex, and have been subjected to unlawful sexual harassment in the workplace. The actions of the Defendant described herein constitute violations of Title VII of the Civil Rights Act of 1964, and Mississippi common law.

## THE PARTIES

1. Plaintiff Luci M. Richards is an adult female resident citizen of Hinds County, Mississippi who resides at 345 Woodstone Road, Apt. J-8, Clinton, Mississippi 39056.

2. Plaintiff Christie Hood is an adult female resident citizen of Hinds County, Mississippi who resides at 345 Woodstone Road, Apt. J-8, Clinton, Mississippi 39056.

3. Defendant, The Goodyear Tire and Rubber Company, is Plaintiffs' former employer. Defendant is a Ohio corporation authorized to do business in the State of Mississippi. Defendant may be served with process through its registered agent, CSC of Rankin County, Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, MS 39232.

## JURISDICTION

4. This action arises under Title VII, 42 U.S.C. § 2000e, *et seq.*

5. This Court has personal and subject matter jurisdiction over the Defendant.

6. Venue is proper in this Court.

## STATEMENT OF FACTS

7. Defendant, The Goodyear Tire and Rubber Company (hereinafter "Defendant"), hired Plaintiff Christie Hood on May 26, 2006 and hired Luci Richards in June 2006 to work at its Northpark Mall location located at 896 South Wheatley Street, Ridgeland, MS 39157.

8. Plaintiffs were the only two female general maintenance technicians at this Goodyear location and were continually subjected to hostile work environment and sexual prejudices.

9. Defendant's District Manager, Tom Concella, told Plaintiffs' manager, Darryl Grayson that he wanted the Plaintiffs fired. Shortly thereafter, on September, 1, 2006, Plaintiff Luci Richards was fired for allegedly falsifying her job application with regard to the arrest record section. When Ms. Richards was hired, she stated to Mr. Grayson that she had previously plead guilty and been convicted of a felony NSF check

charge. Mr. Grayson hired her anyway. After Mr. Concella decided he wanted the females removed from the company, Plaintiff's conviction then became inexcusable.

10. After Plaintiff Richards was fired, Mr. Grayson constructively discharged Plaintiff Hood. He told her that she "may as well leave because he would have to find a reason to get rid of her." So, the Plaintiff left and did not return to work. Both Plaintiffs were replaced by three (3) male workers.

## CAUSES OF ACTION

## COUNT I

## SEX DISCRIMINATION / SEXUAL HARASSMENT

11. Plaintiffs re-allege and incorporate paragraphs 1 through 10 above as though specifically set forth herein and allege that:

11. Defendant's actions constitute unlawful sexual harassment and discrimination on the basis of sex in violation of Title VII.

12. As a direct and proximate result of Defendant's unlawful, discriminatory conduct toward Plaintiffs, Plaintiffs have lost wages and benefits and have sustained other pecuniary loss.

12. The unlawful actions of the Defendant complained of above were intentional, malicious and taken in reckless disregard of the statutory rights of Plaintiffs.

## COUNT II

## TORT OF OUTRAGE

13. Plaintiffs re-allege and incorporate all averments set forth in paragraphs 1 through 12 above as if fully incorporated herein.

14. The aforementioned conduct committed and continuing to be committed by the Defendant is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. Moreover, said conduct is to be regarded as atrocious and utterly intolerable in a civilized community. Additionally, Defendant is liable under the theory of *respondeat superior*, vicariously liable to the Plaintiffs for the tort of outrage.

15. As a direct and proximate result of the Defendant's outrageous conduct, the Plaintiffs suffered and continue to suffer serious damages and injuries. The Plaintiffs are entitled to an award of compensatory and punitive or exemplary damages against the Defendant in an amount to be established at trial.

## COUNT III

## PUNITIVE DAMAGES

16. Plaintiffs re-allege and incorporate all averments set forth in paragraphs 1 through 15 above as if fully incorporated herein.

17. Plaintiffs are entitled to punitive damages as a result of Defendant's intentional acts in violation of Plaintiffs' federally protected rights and as a result of its extreme and outrageous conduct. Alternatively, Plaintiffs are entitled to damages because Defendant's unlawful acts against Plaintiffs were committed maliciously and/or in reckless disregard of Plaintiffs' rights.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY PRAY** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiffs pray that the following relief be granted:

1. Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Compensatory damages against Defendant in an amount to be determined by the jury;

3. Punitive damages against Defendant in an amount to be determined by the jury;

4. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Title VII; and

5. Such further relief as is deemed just and proper.

THIS the 23rd day of April, 2007.

Respectfully submitted,

LUCI RICHARDS AND CHRISTIE HOOD, PLAINTIFFS

By: _____
Louis H. Watson, Jr. (MB# 9653)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
520 East Capitol Street
Jackson, Mississippi 39201
(601) 968-0000
Fax: (601) 968-0010